UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICK A. WHITE, SR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:13-cv-00178-DBH |
| | ) |
| RICK PERRY, et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION

On May 14, 2013, I issued an Order that Plaintiff either pay the required filing fee or file a properly completed application for leave to proceed *in forma pauperis*, by June 4, 2013, (ECF No. 3), failing which I would issue a recommendation that the action be dismissed. As of today's date, Plaintiff has neither paid the required filing fee nor filed a properly completed application for leave to proceed *in forma pauperis*.

Furthermore, as I previously warned him, plaintiff's complaint is susceptible to summary dismissal as there is no indication that any of the events or defendants is related in any way to the District of Maine and there are no allegations supporting personal jurisdiction over the individual named defendants. White simply does not state a federal claim under the pleading standards of federal court. Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556

(2007)). There are no allegations as to what any state actor defendant may have done individually to violate a constitutional right and no showing that the non-state actors were acting under color of state law. There must be sufficient facts plead in the complaint, not legal conclusions.

    I now recommend the Complaint be DISMISSED in its entirety for Plaintiff's failure to prosecute the action and because the complaint, as currently drafted, fails to state a claim.

## NOTICE

    A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 6, 2013

                                  /s/ Margaret J. Kravchuk  
                                  U.S. Magistrate Judge